UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT E. BARRETT, | ) | 1:08-CV-01637 AWI JMD (HC) |
| Petitioner, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| M. VEAL, Warden, | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL BACKGROUND**

Petitioner was convicted of arson in the County of Los Angels in 2001. (Answer, 1.) Petitioner is currently in the custody of the State of California at California State Prison, Los Angeles County in Lancaster, California. At the time the instant petition was filed, October 28, 2008, Petitioner was housed at California State Prison, Corcoran in Corcoran, California.

With this petition, Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges a prison disciplinary hearing held on January 23, 2006, in which he was found guilty of disrespecting prison staff in violation of California Code of Regulations, Title 15, § 3004(b). Petitioner was assessed a 30 day loss of credit. Petitioner claims that his due process rights were violated because he is actually innocent of the charge for which he was found guilty.

**FACTUAL BACKGROUND**

On December 27, 2005, Petitioner received a CDC 115 for disrespecting prison staff.

U.S. District Court
E. D. California
1

(Answer, Ex. 2, Rules Violation Report, Jan. 4, 2006; Doc. #11, Part 2, 17.) The Rules Violation Report (RVR) states that on December 27, 2005, a hearing was being conducted after Petitioner received a CDC 115 for disrespecting staff after he called an academic teacher, L. Sewake (hereinafter "Sewake) a "fucking cunt." Id. Petitioner called Sewake as a witness during the hearing. Id. As Petitioner was leaving the hearing he shouted "fucking dyke" at Sewake and then threw a balled up piece of paper at the office door. Id.

On January 23, 2006, a disciplinary hearing was held with respect to the January 4, 2006 RVR. Id. The hearing was conducted by the Senior Hearing Officer (SHO) who granted Petitioner's request to present Lieutenant Shankland and Corrections Officer (C/O) Shelton as witnesses. (Answer, Ex. 2, Rules Violation Report - Part C, Jan. 23, 2006; Doc. #11, Part 2, 18.) Petitioner plead "not guilty" at the hearing and claimed that he did not in fact call Sewake the name he was accused of calling her. Id. Petitioner was found guilty of violating "CCR, Title 15, § 3004(b) Rights and Respect, for the specific act of Disrespect." Id. The SHO's finding of guilt was based on Sewake's report and the testimony of Lieutenant Shankland and C/O Shelton who both testified that they heard Petitioner call Sewake a "fucking dyke." Id.

Petitioner appealed the decision on March 9, 2006, claiming that he did not say the alleged comment to Sewake, but if even if he had, it should not have constituted a serious rules violation because "there is no way this could 'disrupt orderly operations within the institution or incite or provoke violence' as is written in section 3004(b). . . ." (Answer, Ex. 2, Inmate/Parolee Appeal Form, Mar. 9, 2006, Doc. #11, Part 2, 20-21.) On March 31, 2006, Respondent denied Petitioner's appeal and stated that, "[i]n the interest of progressive discipline, the RVR was appropriately made a serious rule violation offense." (Answer, Ex. 2., Memorandum, 2, March 31, 2006; Doc. #11, Part 2, 22-23.)

Petitioner's Director's Level Appeal was denied on January 22, 2007. (Answer, Ex. 2, Director's Level Appeal Decision, Jan. 22, 2007; Doc. #11, Part 2, 26-27.)

After exhausting his administrative appeals, Petitioner filed a petition for writ of habeas

corpus in the Kings County Superior Court on October 9, 2007.[1] (Answer, Ex. 2, Kings County Super. Ct. Pet.; Doc. #11, Part 2, 9-16.) The Solano County Superior Court denied the petition on January 29, 2008, finding that Petitioner had failed to state a *prima facie* case for relief. (Answer, Ex. 2, Solano County Super. Ct. Order, January 29, 2008; Doc. #11, Part 2, 4-5.)

On July 3, 2008, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, First Appellate District. (Answer, Ex. 5, First Appellate District Pet. July 3, 2008; Doc. #11, Part 3, 3-9.) The court denied the petition without comment on July 17, 2008. (Answer, Ex. 5, First Appellate District Opinion, July 17, 2008; Doc. #11, Part 3, 2.)

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on July 28, 2008, which was denied on August 27, 2008. (Answer, Ex. 6, Cal. Appellate Cts. Case Information, May 18, 2009; Doc. #11, Part 4, 2.)

Petitioner filed the instant petition on October 28, 2008. (Doc. #1.) Respondent filed an answer to the petition on May 18, 2009. (Doc. #11.) Petitioner chose not to file a traverse and on October 5, 2009, filed a Motion for Judgment on the Pleadings Without Opposition and/or Default Pursuant to Fed. R. Civ. P. Rule 55. (Doc. #15.)

## DISCUSSION

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the deprivation in question arose out of Corcoran State Prison, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action. If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way

---

[1] The Kings County Superior Court ordered the petition to be transferred to Solano County on November 30, 2007. (Answer, Ex. 2, Kings County Super. Ct. Order, November 30, 2007, Doc. #11, Part 2, 7.)

of a petition for writ of habeas corpus. <u>Young v. Kenny</u>, 907 F.2d 874, 876-78 (9th Cir. 1990). Thus, this Court has subject matter jurisdiction.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997), (quoting <u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir. 1996), overruled on other grounds by <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

## II. Legal Standard of Review

This Court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of AEDPA. <u>Lockyer v. Andrade</u>, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); <u>see</u> <u>Lockyer</u>, 538 U.S. at 70-71; <u>see</u> <u>Williams</u>, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" <u>Lockyer</u>, 538 U.S. 63, 71 (2003) (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." <u>Id.</u> (quoting <u>Williams</u>, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." <u>Id.</u>

Finally, this Court must consider whether the state court's decision was "contrary to, or

involved an unreasonable application of, clearly established Federal law." <u>Lockyer</u>, 538 U.S. at 72, (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 413; <u>see also</u> <u>Lockyer</u>, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id.</u> at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." <u>Id.</u> at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. <u>Baylor v. Estelle</u>, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See <u>Duhaime v. Ducharme</u>, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. <u>Souch v. Schaivo</u>, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

Thus, the initial step in applying AEDPA's standards is to "identify the state court decision that is appropriate for our review." <u>Barker v. Fleming</u>, 423 F.3d 1085, 1091 (9th Cir. 2005). Where more than one State court has adjudicated Petitioner's claims, a federal habeas court analyzes the last reasoned decision. <u>Id.</u> (citing <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991) for the presumption that later unexplained orders, upholding a judgment or rejecting the same claim, rests upon the same

ground as the prior order).  The Ninth Circuit has further stated that where it is undisputed that federal review is not barred by a state procedural ruling, "the question of which state court decision last 'explained' the reasons for judgement is therefore relevant only for purposes of determining whether the state court decision was 'contrary to' or an 'unreasonable application of' clearly established federal law." Bailey v. Rae, 339 F.3d 1107, 1112-1113 (9th Cir. 2003).  Thus, a federal habeas court looks through ambiguous or unexplained State court decisions to the last reasoned decision in order to determine whether that decision was contrary to or an unreasonable application of clearly established federal law.  Id.

Here, the Solano County Superior Court, the California Court of Appeal, and the California Supreme Court all adjudicated Petitioner's claims.  As the California Court of Appeal and California Supreme Court issued summary denials of Petitioner's claims, the Court "look[s] through" those courts' decisions to the last reasoned decision; namely, that of the Solano County Superior Court. See Ylst v. Nunnemaker, 501 U.S. at 804.

**III.  Review of Petitioner's Claims**

Petitioner claims that his due process rights were violated when he was found guilty at a prison disciplinary hearing of calling Sewake a "fucking dyke" because, according to Petitioner, he never said those words to her.  Petitioner further claims that the SHO erred in classifying the offense as a serious rules violation and that, due to the fact that the offense did not "disrupt orderly operations within the institution or. . . . incite or provoke violence," it should be classified as an administrative rules violation instead.  (Answer, Ex. 2, Kings County Super. Ct. Pet., Oct. 9, 2007; Doc. #11, Part 2, 14.)  As a federal habeas court can only properly inquire into whether the state court issued a ruling that was contrary to, or an unreasonable application of, clearly established federal law, this Court cannot make a determination as to whether the SHO misconstrued California administrative law.  However, this Court can consider whether the superior court's finding that "the Department of Corrections properly found petitioner guilty of a serious rules violation" is contrary to, or an unreasonable application of, federal law.

Even though the United States Constitution does not guarantee good-time credits to prisoners, when a state provides a statutory right to good-time and also "specifies that it is to be

forfeited only for serious misbehavior," the prisoner's interest in those credits takes on "real substance" and "is sufficiently embraced within the Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Wolff v. McDonnell, 418 U.S. 539, 557 (1974). California has created such a statutory scheme thus creating a liberty interest in good-time credits requiring minimal due process protections. See CAL. CODE REGS. tit 15, § 3043 (2008).

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff, 418 U.S. at 555. Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

When a prison disciplinary proceeding may result in the loss of good-time credits, due process requires that the prisoner receive: (1) advance written notice of the disciplinary charges at least 24 hours in advance of a hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, citing U.S. ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

In this case, it is clear that Petitioner's due process rights were met. First, the RVR indicates that Petitioner acknowledged that he received a copy of the CDC 115 on January 4, 2006, which is substantially more than twenty-four hours before the January 23, 2006, hearing. (Answer, Ex. 2, Rules Violation Report, Jan. 4, 2006; Doc. #11, Part 2, 17.) Secondly, Petitioner was given an opportunity to call witnesses–both Lieutenant Shankland and C/O Shelton testified that they witnessed the event in question. (Answer, Ex. 2, Rules Violation Report - Part C, Jan. 23, 2006; Doc. #11, Part 2, 18.) Third, Petitioner was given a written statement by the fact finder of the

evidence relied on and the reasons for the guilty finding on February 23, 2006. Id.

Finally, there was at least some evidence from which to conclude Petitioner committed the charged offense. The RVR stated that Sewake heard Petitioner call her a "fucking dyke" and the testimony of Lieutenant Shankland and C/O Shelton that they each heard Petitioner call Sewake a "fucking dyke" corroborates that report. Furthermore, the SHO's determination that Petitioner's conduct constituted a serious rules violation was not merely based on this single incident but on an aggregate of past disrespect. The RVR provides some evidence to support the SHO's finding of guilt; thus, the superior court's finding was not contrary to, or an unreasonable application of, clearly established due process considerations and this Court will not upset that finding.

## CONCLUSION

In sum, all due process requirements were satisfied. The petition is without merit and should be denied.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1) the petition for a writ of habeas corpus be DENIED;

2) all outstanding motions be vacated; and

3) the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 27, 2010            /s/ John M. Dixon**
                                    UNITED STATES MAGISTRATE JUDGE